In the Matter of the Application of THE MANHATTAN RAILWAY COMPANY and Another, Appellants, *v.* JULIA A. KENT, Individually and as Trustee of ELLEN KENT, Deceased, and Others, Respondents, Relative to Acquiring Title to Certain Real Property in the City and County of New York. No. 1.

*Condemnation proceedings — costs in the absence of proof of an offer.*

The statute defining the circumstances under which parties to condemnation proceedings are entitled to costs is explicit in its terms, and although there may be an adjudication of the Superior Court that the parties were unable to agree as to the price of the land to be taken, yet where there is no allegation in the petition, nor any evidence showing that any offer had been made, which could relieve the petitioners from the payment of costs, the defendants are entitled to the same.

APPEAL by the plaintiffs, The Manhattan Railway Company and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the

county of New York on the 17th day of July, 1894, granting the defendants' motion for costs and an extra allowance, and directing the modification of the final order so as to direct that the defendants recover their costs and allowance, and also from the final order made at the New York Special Term and entered in said clerk's office on the 6th day of July, 1894, in so far only as it is modified by the order entered in said clerk's office on July 17, 1894.

In February, 1894, the Manhattan Railway Company and another commenced proceedings under chapter 23 of the Code of Civil Procedure for the condemnation of so much of the easements, or rights in the nature of easements, of light, air and access, appurtenant to certain real estate belonging to Julia A. Kent, individually and as trustee, etc., of Ellen Kent, deceased, and others, as was taken by the maintenance of the structure of the elevated railway of the plaintiffs. Such proceedings were had therein as resulted in a judgment that the condemnation of such rights and easements was necessary for the public use, and that the plaintiffs were entitled to hold the same, and commissioners were appointed to ascertain the compensation to be made to the owners of the same.

Thereafter the owners of such easements were awarded the sum of $750 as compensation for the property taken.

The report of the commissioners was confirmed, but the order confirming the same omitted to grant costs and allowances to the defendants. No offer was ever made by the plaintiffs in such proceeding, or by any one in their behalf, to purchase the property taken in such condemnation proceedings.

Upon motion of the defendants the final order in the condemnation proceedings was amended by granting costs to the defendants, together with an extra allowance.

*William H. Godden*, for the appellants.

*A. B. Cruikshank*, for the respondents.

PER CURIAM:

We see no reason for interfering with the order appealed from. The statute is explicit in its terms defining the circumstances under which parties to these proceedings are entitled to costs. It is true that there was an adjudication of the Superior Court that the parties

were unable to agree as to a price, but there is no allegation in the petition. or any evidence that any offer had been made which could possibly relieve the petitioners from the payment of costs.

Under these circumstances, under the statute, the defendants were entitled to the costs which were allowed them by the court.

The order should be affirmed, with ten dollars costs and disbursements.

Present: VAN BRUNT, P. J., O'BRIEN and FOLLETT, JJ.

Order affirmed, with ten dollars costs and disbursements.